**Judy Faye Coggins RAY,
Plaintiff–Appellant,**

v.

**Matthew TSUNODA; et al.,
Defendants–Appellees.**

No. 05–56879.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.**

Judy Faye Coggins Ray, Chula Vista, CA, for Plaintiff–Appellant.

Bart J. Miesfeld, Office of the City Attorney City of Chula Vista, Chula Vista, CA, John G. Madsen, Esq., Liebman Quigley Sheppard & Soulema, San Diego, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Judy Faye Coggins Ray appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging defendants violated her Fourth and Fifth Amendment rights and California law in searching her home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and we affirm in part, reverse in part, and remand.

The district court properly determined that Ray's claim that she was subjected to an unreasonable search was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because a judgment in Ray's favor on this claim would necessarily impugn the validity of her guilty plea to violating a municipal code ordinance, and Ray failed to allege that this conviction has been invalidated. *See id.* at 486–87, 114 S.Ct. 2364.

The district court properly granted summary judgment on Ray's claims that defendants violated her Fifth Amendment right against self-incrimination, because she was not compelled to be a witness against herself in a criminal case. *See Chavez v. Martinez*, 538 U.S. 760, 767, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003).

The district court erred in granting summary judgment on Ray's claim that defendants used excessive force against her during the search. Balancing the nature and quality of the intrusion on Ray's Fourth Amendment interests against the countervailing governmental interests at stake, we conclude that, if a jury were to believe Ray's version of the events, the officers had no need to use force. *Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1199 (9th Cir.2000) ("[W]here there is no need for force, any force used is constitutionally unreasonable"), *vacated by* 534 U.S. 801, 122 S.Ct. 24, 151 L.Ed.2d 1, and *aff'd on remand*, 276 F.3d 1125 (9th Cir.2002). Ray's alleged unlawful conduct was relatively minor, she did not pose an immediate threat to the safety of the officers or others, and she did not pose a risk of flight. *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Opinion withdrawn on denial of rehearing. See 2007 WL 2389824.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Smith v. City of Hemet,* 394 F.3d 689, 702–03 (9th Cir.2005) (en banc). Because the evidence, reviewed in the light most favorable to Ray, could support a finding of excessive force, defendants are not entitled to summary judgment. *See id.* at 701 (reasonableness of force used is ordinarily a question of fact for the jury).

We find the remaining contentions unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.